## UNITED STATES COURT OF INTERNATIONAL TRADE

———————————————————————— )
MEGAA MODA PRIVATE LIMITED, )
)
Plaintiff, )
v. )        Court No. 23-00205
)
UNITED STATES, )
)
Defendant. )
———————————————————————— )

## COMPLAINT

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Plaintiff, Megaa Moda Private Limited, ("Plaintiff"), by and through its counsel, alleges and states, as follows:

## JURISDICTION

1.      Plaintiff brings this action pursuant to, and in accordance with, sections 516A(a)(2)(A)(i)(I) and 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended (codified at 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii)), contesting certain aspects of the final results of the 2021-2022 administrative review of the antidumping duty order on *Certain Frozen Warmwater Shrimp from India*, Case No. A-533-840, issued by the U.S. Department of Commerce ("Commerce"), International Trade Administration, as they apply to Plaintiff. *See Certain Frozen Warmwater Shrimp from India: Final Results of Antidumping Duty Administrative Review; 2021-2022*, 88 Fed. Reg. 60431 (Sep. 1, 2023), and accompanying Issues and Decision Memorandum (Aug. 25, 2023).

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(c), which confers upon the U.S. Court of International Trade exclusive jurisdiction to review final

antidumping duty determinations issued by Commerce under 19 U.S.C. § 1516a(a)(2).

## STANDING

3.      Plaintiff is a foreign producer and exporter of subject merchandise, certain frozen warmwater shrimp from India, and therefore is an interested party within the meaning of 19 U.S.C. § 1677(9)(A).  Plaintiff was selected for individual examination by Commerce as a mandatory respondent.  Plaintiff participated in the administrative review proceeding through the submission of questionnaire responses and through the filing of factual information and legal arguments to address substantive case issues.  Accordingly, Plaintiff has standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS

4.      The *Final Results*, which are being challenged herein, were published in the *Federal Register* on September 1, 2023.  *See* 88 Fed. Reg. 60431.  On September 29, 2023, Plaintiff timely filed a Summons initiating this action within thirty days of the publication of the *Final Results*, and Plaintiff is timely filing the Complaint today (within thirty days of the filing of the Summons).  The filing of the Summons and Complaint thus are timely in accordance with 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and Rules 3(a)(2) and 6(a) of the Rules of the U.S. Court of International Trade.

## STANDARD OF REVIEW

5.      This Court reviews actions concerning determinations issued by Commerce brought under 19 U.S.C. § 1516a(a)(2) to determine whether they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law."  19 U.S.C. § 1516a(b)(1)(B)(i).

**Complaint**

## PROCEDURAL HISTORY

6.      On April 12, 2022, Commerce initiated the seventeenth administrative review of the antidumping duty order on Certain Frozen Warmwater Shrimp from India.  *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 87 Fed. Reg. 21619, 21,622 (Dep't Commerce Apr. 12, 2022) ("*Initiation Notice*").  Commerce's period of review ("POR") was February 1, 2021 through January 31, 2022.

7.      In July 2022, Commerce issued a memorandum stating that it had selected Plaintiff, Megaa Moda Private Limited, and NK Marine Exports LLP as mandatory respondents in the 2021-2022 administrative review.

8.      In September 2022, Plaintiff submitted timely responses to section A (i.e., the section relating to general information) and to the remaining sections of the questionnaire (i.e., sections B, C, and D, the sections covering home market sales, U.S. sales, cost of production (COP)/constructed value (CV), and further manufacturing, respectively).

9.      On January 13, 2023, Commerce issued the first supplemental questionnaire to the Plaintiff, and received a timely response on February 3, 2023.

10.     On April 19, 2023, Commerce issued a second supplemental questionnaire to Megaa Moda. On February 13, 2023, Commerce received a timely response.

11.     On February 27, 2023, Commerce issued its preliminary results of the 2021-2022 administrative review disallowing Plaintiff's offsets of certain interest income to financial expenses, claiming that the interest earned did not relate to short-term investment of working capital and that there was not enough evidence to support that the interest was earned on short-term investments of working capital.  *See Decision Memorandum for the Preliminary Results of*

**Court No. 23-00205**                                                          **Complaint**

*the Administrative Review of the Antidumping Duty Order on Certain Frozen Warmwater Shrimp from India*; 2021-2022 (February 27, 2022). On March 3, 2023, Commerce published a dumping margin of 7.92 percent for Plaintiff. *Certain Frozen Warmwater Shrimp from India: Preliminary Results of Antidumping Duty Administrative Review; 2021-2022*, 88 Fed. Reg. 13430 (Mar. 3, 2023).

12.     Plaintiff filed a substantive brief on April 11, 2023 and a revised brief on June 19, 2023, challenging Commerce's decision to disallow certain interest income offsets to Plaintiff's short-term interest expenses.  Among other arguments, Plaintiff argued that Commerce should have accepted the Plaintiff's offsets as Plaintiff provided evidence demonstrating the short-term nature of the income.

13.     On December 30, 2022, Commerce issued its final Issues and Decision Memorandum of the 2021-2022 administrative review finding that the disallowance of interest income offset was warranted, and that Megaa Moda did not demonstrate the short-term nature of the interest income offset.  *See Decision Memorandum for the Final Results of the Administrative Review of the Antidumping Duty Order on Certain Frozen Warmwater Shrimp from India*; 2021-2022 (Aug. 25, 2023). On September 1, 2023, Commerce published an unchanged dumping margin of 7.92 percent for Plaintiff. *See Certain Frozen Warmwater Shrimp from India: Final Results of Antidumping Duty Administrative Review; 2021-2022*, 88 Fed. Reg. 60431 (Sep. 1, 2023).

## ISSUE PRESENTED BY THE ACTION AND
## PLAINTIFF'S STATEMENT OF CLAIMS

16.     In the following respects, and for other reasons apparent from the record of the administrative proceeding, Commerce's *Final Results* in its 2021-2022 antidumping duty

administrative review are unsupported by substantial record evidence and/or are otherwise not in accordance with law.

## COUNT ONE

17.     Paragraphs 1 through 16 are incorporated herein by reference.

18.     Sections 773(b)(3)(B) and 773(e)(2)(A) of the Tariff Act of 1930 define the cost of production and constructed value to include an amount for selling, general, and administrative expenses based on actual data pertaining to the production and sales of the merchandise under consideration.  Commerce has interpreted these provisions to include net interest expenses as a component of general and administrative expenses.

19.     Commerce's practice is that net interest expenses are the actual interest expenses incurred by a company on both short-term and long-term debt, reduced by the interest income earned on short term deposits and securities.  And it is Commerce's practice to exclude income from long-term financial assets in the financial expense calculation because such income typically is related to investing activities and is not associated with the general operations of a company.

20.     For more than 30 years, Commerce has allowed an offset for short-term interest income when respondents demonstrate that the short-term assets were purchased or funded with cash generated from their manufacturing and selling operations.  In this case, Megaa Moda provided to Commerce a list that included all interest expense and income items used to compute net financial expenses.  Megaa Moda further provided substantial supporting documentation confirming its interest income as short term in nature.

22.     Nonetheless, Commerce did not offset interest expenses with the interest income

Court No. 23-00205                                                    Complaint

in calculating Megaa Moda's costs of production.

23.     Commerce's failure to include as an offset to financial expenses the various types
of short-term interest income that Megaa Moda included in calculating its financial expense ratio
was unsupported by the record; arbitrary, capricious, and an abuse of discretion; and otherwise
not in accordance with the law.

### DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

24.     For the reasons stated above, Plaintiff respectfully requests that the Court:

(a)     enter judgment in Plaintiff's favor;

(b)     declare that with respect to the issues raised in this Complaint,
Commerce's determinations and all related findings and conclusions are unsupported by
substantial evidence on the record or are otherwise not in accordance with law;

(c)     remand these matters to Commerce for redetermination consistent with the
Court's opinion, including a recalculation of Plaintiff's antidumping duty margin; and

(d)     provide such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Robert G. Gosselink
Robert G. Gosselink
Aqmar Rahman
Sezi Erdin

TRADE PACIFIC PLLC
700 Pennsylvania Avenue, SE
Suite 500
Washington, DC  20003
Tel: (202) 223-3760
Fax: (202) 223-3763
Email: rgosselink@tradepacificlaw.com

Dated:  September 29, 2023                 *Counsel to Plaintiff Megaa Moda Private Limited*